Grimke, J.
A deed which is intended to convey the legal estate, but which is so imperfectly executed as to fail of effecting that object, is deprived of the character of a conveyance, but may be treated as an agreement to convey, and a resort may be had to chancery for the purpose of enforcing it, and compelling a specific performance; or a bill may be filed for the purpose of rectifying the mistake, when the original deed, as reformed, will take the place of the conveyance which would otherwise be decreed by the court. In Cither case, however, the complainant has only an equity, and is obliged on this account to go from a court of law to a court of chancery. This is the general principle; but the question now intended to be presented is one of more particularity. It is whether 310] the deed of a feme covert, not executed according to *the statute, may be regarded as an agreement to convey, the specific performance of which will be decreed against her, or whether a deed so imperfect may be rectified so as to bind her right. It is familiar to us all that by the common law, a feme covert could not, by uniting with her husband in a conveyance, bar herself of any estate of which she was seized in her own right. It is immaterial whether the disability is regarded as having its reason on the principle that the separate legal existence of the wife is suspended during the marriage, or in the fact that the influence of the husband may be improperly exerted for the purpose of inducing the wife to part with her interest in his favor. The rule itself is one of undisputed authority.
Our statute prescribes the mode in which a married woman may execute a conveyance of her land. It directs that she and her husband shall join in the conveyance, and if this provision is not complied with, then the deed stands as it would at common law, absolutely void and inoperative as to her; and if a deed, the body of which was defective, was still to be treated as an agreement to convey, or as an imperfect conveyance, other provisions of the *311 statute equally essential would be disregarded. The acknowledgment and separate examination would not be to such an instrument as the law contemplates. I believe no case can be found where a mistake in the deed of a married woman has been rectified as against her. McCall v. McCall, 3 Day, 402 is the only one which has been referred to. But it is very different from the present. The deed there was made by the husband alone, of his own land, and it is admitted by the counsel for the widow that, by the law of Connecticut, a husband might by his deed deprive his wife of her dower. The decision which was made, however, is hardly reconcilable with the general principles of the law. It appears that two deeds wore made by the grantor to two of his sons, Roger and Walter. After he had- executed them, he altered his mind as to the dispositions which he had made ofhis property, and intending to give the land which he had conveyed to Walter to his son Roger, and the tract which he *had given to Roger to his [811 son Walter, he altered the deeds so as to correspond with this intention, but there was no new execution and acknowledgment of these deeds. Notwithstanding the whole subject matter of the conveyance was thus effectually altered, the court regarded the instrument not merely as an executory contract, but as a quasi conveyance ; and yet, holding that it only transferred the equitable interest of the husband, decreed that it should be reformed and the widow barred of her dower.
In the case of Martin v. Dwelly, 6 Wend. 9, the deed was made by husband and wife, but was not acknowledged .by her pursuant to the statute. The deed was considered as having no more effect than an agreement, and it was held that a court of chancery would not afford relief against the married woman or her heirs. It was conceded that the deed was inoperative at law, but it was contended that it might be treated as a valid contract to convey, performance of which would be decreed against the wife. But this doctrine was declared to be unsound in principle and unsupported by authority. Baker v. Child, 2 Vern. 61, has been said to be the only ease which contains an intimation that a married woman will be decreed specifically to execute an agreement made during coverture; but in fact no decree was ever made in that case. What appears to be such was the result of an arbitration, to which the parties themselves consented. The ease of Butler & Atwater v. Buckingham, 5 Conn. 492, is an affirmance substantially of the *312 general doctrine which is to be collected from all the books. It was there held, that an agreement of a married woman, with tho consent of her husband, for the sale of her real estate, was absolutely void in law, and could not be enforced in equity.
But there is another view of the case which has been taken by the complainant’s counsel. Considering the omission of the names of tho grantors in the granting clause of the deed as a mere clerical error, it is contended that tho conveyance is in truth not defective, and that yet tho complainant is entitled to tho interference 312] of a court of equity-. But if this is the ^effect of the omission, where the deed is signed and sealed by the husband and wife, and in all other respect executed according to law, then the c’omplainant has a valid legal title, and his remedy at law is perfect. And if the deed were produced, so that that fact could be certainly and distinctly ascertained, we should probably have no hesitation in so deciding. Either tho conveyance is defective or it is not. In the first case, the mistake can not bo corrected as against a married woman ; in the second, there in no defect to be rectified; and, in either event, tho bill must be dismissed.
Bill dismissed.